IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PHILLIP ANGLIN,<br>　　　Plaintiff,<br><br>v.<br><br>LISA DRAPER *et al.*,<br>　　　Defendants. | Case No. 1:24-cv-01424-JEH |

### Order

Before the Court are two Motions for Subpoenas and a Motion for Extension of Time filed by Plaintiff Phillip Anglin, an inmate at Western Illinois Correctional Center. Plaintiff's initial Motion for Subpoena (Doc. 31) is denied, his subsequent Motion for Subpoena (Doc. 32) is granted, and his Motion for Extension of Time is granted in part and denied in part for the following reasons.

**I**

In February 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 8), alleging constitutional violations committed at the Livingston County Jail ("Jail"). Following screening, the Court determined that Plaintiff's factual account was sufficient to state the following Fourteenth Amendment claims: excessive force against Corrections Officer Baker and medical care claims against Jail Superintendent Lisa Draper and Dr. Zia Samad. (Mer. Rev., Doc. 9 at 7:2.) Samad filed a Motion for Summary Judgment (Doc. 25), asserting that Plaintiff did not exhaust his administrative remedies, which remains pending.

**II**

The Court's Scheduling Order provided the following guidance regarding subpoenas:

1

> The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. If Plaintiff seeks a subpoena, Plaintiff must file a motion requesting the issuance of a subpoena. The motion must set forth the addressee of the subpoena, the information Plaintiff seeks, and a short description of the relevance of the information. Plaintiff is responsible for serving the subpoenas and complying with Federal Rule of Civil Procedure 45. CDIL-LR 45.1; *see also* Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (subpoenas seeking documents may be served by certified mail).

(Doc. 24 at 6:16).

Plaintiff's Motions for Subpoena seeks the same information from the Jail (Doc. 31) and the Illinois Department of Corrections ("IDOC") Office of Inmate Issues located in Springfield, Illinois (Doc. 32). Specifically, (1) "any and all records relating to any grievance correspondence" generated between January 2023 and January 2024 regarding Plaintiff (Docs. 31 at 2:2; 32 at 2:2) and (2) "any detainee instructions, directives, rules" governing the grievance process. (*Id*.) Plaintiff asserts that the requested documents are relevant to the requirements he must satisfy to exhaust his administrative remedies. (*Id*.)

However, the Court's Scheduling Order mandated that Defendants provide initial disclosures consisting of, in pertinent part, "Plaintiff's relevant grievances and all responses to those grievances" and copies of any other documents Defendants used to support their claims or defenses. (Doc. 24 at 3:6C; 4:6F.)

In support of his dispositive motion, Defendant Samad appends grievances Plaintiff submitted from January 4 to July 28, 2023[1]; the corresponding responses

---

[1] Online records reveal that Plaintiff entered IDOC on August 11, 2023. *See* Individual in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html, search for Phillip R. Anglin, IDOC No. K53263 (last visited July 21, 2025) (listing Plaintiff's admission to IDOC as August 11, 2023).

2

to those grievances; and the Jail's Detainee Handbook, which outlines the Jail's grievance procedures. (Doc. 25 at 12-43, 50-51.) Defendants have since filed notices (Docs. 28, 29), indicating that they have served Plaintiff with their respective initial disclosures.

To the extent Plaintiff believes Defendants possess other relevant documents regarding exhaustion, the proper procedure is to serve Defendants with a request for production under Federal Rule of Civil Procedure 34, as noted in the Court's Scheduling Order. (Doc. 24 at 5:12.) Therefore, Plaintiff's Motion for Subpoena (Doc. 31) is denied.

Regarding Plaintiff's subpoena request directed to the IDOC Office of Inmate Issues, the Jail's grievance procedures require that if a detainee is not satisfied with the response received to his grievance from the Jail Superintendent, he can mail a written appeal to the Office of Jail and Detention Standards. (Doc. 25 at 51.) Given the arguments Defendant Samad raises in support of his dispositive motion regarding exhaustion, the inference arises that Defendants do not possess records of written appeals Plaintiff may have sent to the IDOC Office of Inmate Issues. Therefore, Plaintiff's Motion for Subpoena (Doc. 32) is granted.

The Clerk of the Court is directed to send Plaintiff a subpoena duces tecum addressed to the Illinois Department of Corrections Office of Jail and Detention Standards, P.O. Box 19277, 1301 Concordia Court, Springfield, Illinois 62794. Plaintiff is responsible for completing the production portion of the subpoena, specifying the requested documents, and tendering payment of any fees that IDOC may levy for producing the requested records. As earlier noted, Plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure ("Rule") 45.

Plaintiff's Motion for Extension of Time (Doc. 30) is granted in part and denied in part. Specifically, the Court extends the time for Plaintiff to respond to Defendant Samad's dispositive motion but not for the ninety-day extension requested. Plaintiff has until September 5, 2025, to file his response.

### III

In light of the foregoing, the Court Orders as follows:

1) Plaintiff's Motion for Subpoena (Docs. 31) is denied.

2) Plaintiff's Motion for Subpoena (Doc. 32) is granted.

3) The Clerk of the Court is directed to send Plaintiff a subpoena duces tecum addressed to the Illinois Department of Corrections Office of Jail and Detention Standards, P.O. Box 19277, 1301 Concordia Court, Springfield, Illinois 62794.

4) Plaintiff's Motion for Extension of Time (Doc. 30) is granted in part and denied in part. Plaintiff has until September 5, 2025, to file his response to Defendant Samad's dispositive motion.

*It is so ordered.*

Entered: July 23, 2025

s/Jonathan E. Hawley
U.S. District Judge