IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PHILLIP ANGLIN,<br>      Plaintiff,<br><br>v.<br><br>LISA DRAPER *et al.*,<br>      Defendants. | Case No. 1:24-cv-01424-JEH |

**Order**

Before the Court is a Motion for Summary Judgment (Doc. 25) filed by Defendant Zia Samad, who asserts that Plaintiff Phillip Anglin, an inmate at Western Illinois Correctional Center, did not exhaust his administrative remedies before filing his Complaint. Plaintiff has filed a response (Doc. 50). The Court denies Defendant's Motion for Summary Judgment for the following reasons.

I.

The Court confines the following summary to Plaintiff's claims against Defendant Samad.

In February 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 8), alleging constitutional violations at the Livingston County Jail ("Jail") against Defendant Samad. Plaintiff's amended pleading provided a comprehensive account of his efforts to receive medical care for a compound fracture to his lower right leg suffered in September 2022, before Plaintiff entered the Jail in November 2022. After screening, the Court determined that Plaintiff's account of the time that elapsed without receiving care to address the worsening symptoms of his serious medical condition was sufficient to state a claim against Samad …." (Mer. Rev., Doc. 9 at 6.)

1

## II.

### A.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the moving party has properly supported his motion, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

A party opposing a supported motion for summary judgment must cite parts of the record or show that the materials cited do not demonstrate the absence of a genuine dispute. *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016). The court construes all facts in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

### B.

The Livingston County Jail Detainee Handbook ("Handbook") outlines the following procedure for filing grievances at the Jail. (MSJ Memo, Doc. 26 at 13-38.)

**FILING STANDARD GRIEVANCES**

Grievance forms are available at all times on the kiosk. It is important to fill out the grievance form completely. Detainees may receive assistance in filing procedures from a staff or another detainee.

Detainees must submit grievances within five (5) days of the incident prompting the grievance. Only one grievance may be filed for any single incident or concern. The grievance request must not contain more than one issue. A grieved issue must not contain offensive or harassing language. A grievance may be withdrawn at any time by submitting such notification in writing to the Jail Superintendent.

**RESPONSES TO GRIEVANCES**

The Jail Superintendent will designate one staff member to review detainee grievances. The grievance Officer will investigate and review all grievances and report their findings in writing to the Jail Superintendent and to the Detainee filing the grievance.

**APPEALING A GRIEVANCE RESPONSE**

When a detainee is dissatisfied with the resolution of his/her grievance, he/she may, within five working days of receipt of written notice, appeal in writing to the Jail Superintendent. The Superintendent shall notify the detainee in writing, within twenty working days, (when possible) of the decision of the appeal. If the detainee is

>
> still not satisfied, he/she may appeal to the Standards
>
> Unit in writing:
>
> Office of Jail and Detention Standards
>
> P.O. Box 19277
>
> 1301 Concordia Court
>
> Springfield, IL 62794-9277

(*Id*. at 19-20.)

### C.

Defendant Samad segregates Plaintiff's grievance into those that mention him by name and those that do not, as follows.

On January 4, 2023, Plaintiff filed grievance 1000617. Plaintiff acknowledged that on November 28, 2022, he entered the Jail, where he saw a doctor once during his first week. Plaintiff explained that the external fixation device installed to stabilize the compound fracture of his leg was producing yellow pus around the attached bolts. Plaintiff also described that the bone in the lower part of his leg began to separate and noted that his blood had not been drawn to determine whether an infection existed. Due to the pain Plaintiff experienced, he requested emergency medical services and sought assistance from Jail officials for medical care, to no avail. (Def. MSJ, Doc. 25 at 12.)

Plaintiff received a response to grievance 1000617 on February 3, 2023. The response indicated that Plaintiff had several follow-up medical appointments with an orthopedic surgeon at an outside hospital, and Defendant Samad reviewed tests taken on Plaintiff's blood, drawn on January 9, 2023, which did not show infection. (*Id*. at 13.)

On January 4, 2023, Plaintiff filed grievance 1000628. Therein, Plaintiff noted that his orthopedic surgeon recommended Plaintiff's referral to a pain management specialist, which had yet to occur. Plaintiff reported that his current

4

medication was only partially effective and that his evening medication had been discontinued without explanation. (*Id*. at 14.)

Plaintiff received a response to grievance 1000628 on February 3, 2023. The response indicated that "pain management is being managed by [Defendant] Samad." (*Id*. at 15.)

Defendant Samad acknowledges that from January 5 to July 28, 2023, Plaintiff filed thirteen grievances and an inmate request related to medical care, none of which complained of Samad's action or inaction. Specifically, Plaintiff filed grievances 1001008 (lack of orthopedic surgeon), 1010819 (requesting status of medical care delay and referral to orthopedic surgeon), 1017079 (appeal of grievance 1010819), 1012643 (delay in seeing nurse), 1014754 (delay in orthopedic surgeon referral and requesting transfer to nursing home), 1019543 (lack of medical treatment for leg), 1019544 (lack of medical treatment for leg), 1022508 (appeal of grievance 1019543), 1031597 (appeal of grievance 1019543), 1032469 (requesting response to appeal of grievance 1019543), 1022515 (appeal of grievance 1019544), 1027677 (complaints of care received at private hospital), 1030022 (appeal of grievance 1027677), and inmate request form 11087438 (cancellation of surgery). (*Id*. at 16, 19, 21, 23-24, 26-27, 29, 31-32, 34, 36, 38, 40, 43.)

### D.

### 1.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides the following guidance about administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5

42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life …." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, it provides an agency the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[,] and it discourages disregard of the agency's procedures." *Id*. Second, "exhaustion promotes efficiency" because claims can generally "be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*.

The Seventh Circuit has taken a strict compliance approach to exhaustion, which requires a prisoner to pursue all available administrative remedies and follow the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. If an inmate does not follow the grievance procedure rules, he forfeits his claims and is consequently barred from filing suit in federal court even if administrative remedies are, for practical purposes, unavailable due to his procedural default. *Id*. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

### 3.

Defendant Samad initially asserts that Plaintiff's amended pleading does not allege a specific cause of action against him. However, the Court's Merit Review Order on Plaintiff's amended pleading concluded that Plaintiff's account of his serious medical condition and the time that elapsed without receiving care to address his worsening symptoms was sufficient to state a Fourteenth

Amendment deliberate indifference claim against Defendant Samad. (Mer. Rev., Doc. 9 at 9:6.)

Defendant Samad acknowledges that grievances 1000617 and 1000628 "are the only grievances referenced in Plaintiff's Amended Complaint arguably related to any of [his] alleged acts or inactions," and Plaintiff does not explicitly identify Samad in either grievance. (MSJ Memo., Doc. 26 at 2.) In this regard, Samad asserts that the Court should grant summary judgment in his favor because Plaintiff did not appeal either grievance as required by the Handbook. (*Id*. at 3.)

However, aside from citing the portion of the Handbook quoted *supra* regarding Plaintiff's responsibility to appeal to the Office of Jail and Detention Standards ("Office"), Defendant Samad does not provide any factual support, such as an affidavit from an appropriate Office official or records that demonstrate Plaintiff did not fully exhaust his administrative remedies by appealing to the Office. *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("Because exhaustion is an affirmative defense, it is the defendants' burden to show [the plaintiff's] failure to exhaust.").

Furthermore, to the extent Defendant Samad claims that Plaintiff was required to explicitly identify him in his grievances, nothing in the Handbook mandates that requirement. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Hare v. Braun*, 2025 WL 2770979, at *6 (S.D. Ill. 2025) (denying summary judgment because neither version of the Jail's grievance procedure explicitly required a detainee to identify staff by name).

Accordingly, because Defendant Samad has not satisfied his threshold burden of providing evidence to show the absence of a genuine issue of material

fact, Samad's Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 25) is denied.

## III.

In light of the foregoing, the Court Orders as follows:

Defendant Samad's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 25) is DENIED.

*It is so ordered.*

Entered: December 9, 2025

s/Jonathan E. Hawley
U.S. District Judge