IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PHILLIP ANGLIN,<br>         Plaintiff,<br><br>v.<br><br>LISA DRAPER *et al.*,<br>         Defendants. | Case No. 1:24-cv-01424-JEH |

**Order**

Before the Court is a Motion for Summary Judgment (Doc. 38) filed by Defendant Zia Samad. Plaintiff Phillip Anglin, an inmate at Western Illinois Correctional Center, has responded (Doc. 52) to Samad's dispositive motion and filed Motions for Extension of Time (Doc. 56) and Subpoena (Doc. 57).

Defendant Samad's dispositive motion is denied, and Plaintiff's filings are granted for the following reasons.

I

The Court confines the following summary to Plaintiff's claims against Defendant Samad.

In February 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 8), alleging constitutional violations at the Livingston County Jail ("Jail") against Defendant Samad. Plaintiff's amended pleading provided a comprehensive account of his efforts to receive medical care for a compound fracture to his lower right leg suffered in September 2022, before Plaintiff entered the Jail in November 2022. After screening, the Court determined that Plaintiff's account of the time that elapsed without receiving care to address the worsening symptoms of his serious medical condition was sufficient to state a Fourteenth

1

Amendment due process claim against Samad in his individual capacity. (Mer. Rev., Doc. 9 at 6.)

## II

### A

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

"When opposing a properly supported motion for summary judgment, the non-moving party must 'cit[e] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence … of a genuine dispute.'" *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)). All facts must be construed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252.

B

Defendant Samad's Motion for Summary Judgment is premised on his assertion that Plaintiff's amended pleading alleges a medical malpractice claim under Illinois law. (MSJ Memo., Doc. 38-1 at 2.) From this basis, Samad asserts that he is entitled to summary judgment because Plaintiff has not disclosed expert testimony to establish the required elements of "(1) the standard of care in the medical community by which the [medical provider's] treatment was measured; (2) that the [medical provider] deviated from the standard of care; and (3) that a resulting injury was proximately caused by the deviation from the standard of care. *Vargas v. United States*, 430 F. Supp 3d 500, 510 (N.D. Ill. 2019) (citations omitted)." (MSJ Memo., Doc. 38-1 at 2.); *see also Massey v. United States*, 312 F.3d 272, 280 (7th Cir. 2002) ("Unless the physician's negligence is so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson, expert medical testimony is required to establish the standard of care and the defendant physician's deviation from that standard.") (quoting *Donais v. United States*, 232 F.3d 595, 598 (7th Cir. 2000)).

However, as earlier noted, the Court's Merit Review Order limited Plaintiff's claim against Defendant Samad to a Fourteenth Amendment due process claim. (Mer. Rev. Ord., Doc 9 at 7:2.); *see also Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015) (concluding that pretrial detainees have a right to adequate medical care, but unlike convicted prisoners whose right to medical care arises under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment provides the basis for relief); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.").

The Court further explained that in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), the Seventh Circuit held that "the controlling inquiry for assessing

a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). "The first step, which focuses on the intentionality of the individual defendant's conduct, remains unchanged and 'asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case.'" *Id.* (quoting *Miranda*, 900 F.3d at 353); *see also Pittman by and through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024) ("This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury.").

"At the second step, . . . [courts] ask whether the challenged conduct was objectively reasonable." *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id. see also Pittman*, 108 F.4th at 570 ("[T]he proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care.").

The Court will not grant Defendant Samad summary judgment on Plaintiff's Fourteenth Amendment claims when, as here, he has not demonstrated that expert testimony is required as a matter of law, given the facts of this case. *See Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir. 1994) ("We have never required plaintiffs alleging a denial of adequate medical care in a Section 1983 action to produce expert medical testimony."); *Burgos v. City of Philadelphia*, 439 F.Supp.3d 470, 490 (E.D. Pa. 2020) ("Medical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim where, as laymen, the jury would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care."); *Pearson v. Prison Health Service*, 850

4

F.3d 526, 536 (3d Cir. 2017) ("[E]xpert testimony 'is not necessarily required to establish the existence of a serious medical need' and that '[o]ther forms of extrinsic proof ... may suffice in some cases.'") (quoting *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011).

Accordingly, Defendant Samad's Motion for Summary Judgment (Doc. 38) is denied.

### III

### A

Plaintiff's unopposed Motion for Extension of Time (Doc. 56) is granted. Plaintiff requests additional time to respond to discovery requests served by co-Defendants Baker and Draper, explaining that he is awaiting required information requested through the Freedom of Information Act. Plaintiff has until January 12, 2026, to respond to Defendants' discovery requests.

### B

The Court's Scheduling Order provided the following guidance regarding subpoenas:

> The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. If Plaintiff seeks a subpoena, Plaintiff must file a motion requesting the issuance of a subpoena. The motion must set forth the addressee of the subpoena, the information Plaintiff seeks, and a short description of the relevance of the information. Plaintiff is responsible for serving the subpoenas and complying with Federal Rule of Civil Procedure 45. CDIL-LR 45.1; *see also Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (subpoenas seeking documents may be served by certified mail).

(Doc. 24 at 6:16).

Plaintiff's Motion for Subpoena (Doc. 57) is granted. Plaintiff seeks video footage from the Jail relevant to his excessive force claim alleged against Defendant Baker. Plaintiff limits his request to recordings between 12:30 a.m. and 1:30 a.m. on January 28, 2023.

The Clerk of the Court is directed to issue Plaintiff a subpoena duces tecum addressed to the Livingston County Jail, 844 West Lincoln Street, Pontiac, Illinois, 61764. Plaintiff is responsible for completing the production portion of the subpoena, specifying the requested recording, and tendering payment of any production costs or fees the Jail may levy. As earlier noted, Plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure ("Rule") 45.

## IV

In light of the foregoing, the Court Orders as follows:

1) Defendant Samad's Motion for Summary Judgment (Doc. 38) is DENIED.

2) Plaintiff's unopposed Motion for Extension of Time (Doc. 56) and Motion for Subpoena (Doc. 57) are GRANTED.

3) Plaintiff has until January 12, 2026, to respond to Defendant Baker and Draper's discovery requests. The Clerk of the Court is directed to issue Plaintiff a subpoena duces tecum addressed to the Livingston County Jail, 844 West Lincoln Street, Pontiac, Illinois, 61764.

*It is so ordered.*

Entered: December 10, 2025

s/Jonathan E. Hawley
U.S. District Judge