E-FILED
Friday, 17 April, 2026  11:13:30 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PHILLIP ANGLIN,
    Plaintiff,

v.

LISA DRAPER *et al.*,
    Defendants.

Case No. 1:24-cv-01424-JEH

## Order

Before the Court is a Motion for Summary Judgment (Doc. 70) filed by Defendant Daniel J. Baker, a corrections officer at the Livingston County Jail ("Jail"). Plaintiff Phillip Anglin, an inmate at Western Illinois Correctional Center, filed his response (Doc. 83), Baker has replied (Doc. 88), and Plaintiff has filed a surreply (Doc. 90). Baker's dispositive motion is granted for the following reasons.

**I**

In February 2025, Plaintiff filed an Amended Complaint (Doc. 10), alleging constitutional violations committed at the Jail. Following screening, the Court determined that Plaintiff's account stated the following Fourteenth Amendment claims: excessive force against Corrections Officer Baker and objectively unreasonable medical care against Jail Superintendent Lisa Draper and Dr. Zia Samad. (Mer. Rev., Doc. 9 at 7:2.)

As to Defendant Baker, Plaintiff alleged that while being processed for transport on January 28, 2023, Baker, who was visibly upset, restrained him in a violent manner that caused him pain and breathlessness due to tight cuffs. (Amend. Compl., Doc. 10 at 24:108-10.)

1

## II

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

"When opposing a properly supported motion for summary judgment, the non-moving party must 'cit[e] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence … of a genuine dispute.'" *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)). All facts must be construed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*. at 252.

### III

### A

Defendant Baker's dispositive motion includes a section listing the undisputed material facts in this case (Doc. 71 at 2-5:1-26.); *see also* Local Rule 7.1(D)(1)(b) (stating a motion for summary judgment must include a section listing the undisputed material facts). Under Local Rule 7.1(D)(2)(b), a party opposing a motion for summary judgment must respond to the moving party's undisputed material facts and provide additional material facts, which must be supported by admissible evidence.

Although Plaintiff filed a response (Doc. 83), it does not address Defendant Baker's material facts. Local Rule 7.1(D)(2)(b) requires the nonmovant to respond to the movant's facts, noting which are undisputed material facts, disputed material facts, disputed immaterial facts, or undisputed immaterial facts. Civil LR 7.1(D)(2)(b)(1-4). Even after Baker noted Plaintiff's omission in his reply (Doc. 88 at 1-2), Plaintiff does not explicitly address the deficiency in his surreply (Doc. 90).

Thus, Plaintiff does not comply with the Court's instructions that "[e]ach claim of disputed fact must be supported by evidentiary documentation referenced by specific page." Civil LR 7.1(D)(2)(b)(2). Although Plaintiff's failure to comply with the Court's Local Rules is "deemed an admission of the fact" under Local Rule LR 7.1(D)(2)(b)(6), summary judgment in Defendants' favor is not automatic. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) ("[A] nonmovant's failure to respond to a summary judgment motion, … does not, of course, automatically result in judgment for the movant.") The ultimate burden remains with Defendants to demonstrate they are entitled to judgment as a matter of law. *Id.*

Therefore, the following material facts are based on the parties' properly supported briefs and the Court's review of the record provided.

**B**

At about 12:50 a.m., Defendant Baker was notified that Plaintiff required transportation to the hospital. (Baker Decl., Doc. 71-2 at 1:2.) Defendant Baker was released from his duties in master control and proceeded to escort Plaintiff from his room to the booking area. (*Id.* at 1:3.) After arriving at the booking area, Baker began preparing Plaintiff for transport to the hospital by placing him in a waist chain and handcuffs per jail policy. (*Id.* at 1-2:5-7.) Plaintiff acknowledged that every detainee is required to submit to restraints before being transported. (Pl. Dep., Doc. 71-1 at 44:14-22.)

Defendant Baker noted that while applying the restraints, Plaintiff did not exhibit signs of injury, distress, or impaired circulation, and Baker had no indication that Plaintiff's hand restraints were too tight until Plaintiff communicated his concerns. (Baker Decl., Doc. 71-2 at 2:8.) Immediately after Plaintiff did so, Baker loosened Plaintiff's handcuffs. (*Id.* at 2:9.) Plaintiff testified that the handcuffs were too tight for more than thirty seconds but "probably not more than a minute," and that after he protested, the cuffs were loosened. (Pl. Dep., Doc. 71-1 at 50:11-17.)

Plaintiff was thereafter transported to the hospital, where no physical injuries related to Plaintiff's allegations against Defendant Baker were documented. (Pl. Med. Rec., Doc. 71-3.) Plaintiff admitted that he received no medical treatment for his wrists at the hospital, which he visited for a leg injury unrelated to this incident. (Pl. Dep., Doc. 71-1 at 50:23-51:1.) In the relevant grievance Plaintiff submitted regarding his encounter with Baker on January 28, 2023, Plaintiff did not allege wrist injuries. (Amend. Compl., Doc. 10-1 at 11-20.)

**C**

As a pretrial detainee, Plaintiff's excessive force claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth

4

Amendment's proscription against cruel and unusual punishment. *Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir. 1996). In analyzing an excessive force claim under the Fourteenth Amendment, "a court must determine whether the force was objectively unreasonable in light of the facts and circumstances of each particular case." *Raddant v. Douglas Cnty., Wisconsin*, 170 F.4th 583, 590 (7th Cir. 2026) (internal quotation marks omitted).

In his amended pleading, Plaintiff alleged that while being processed for transport on January 28, 2023, Defendant Baker, who was visibly upset, restrained him in a violent manner that caused him pain and breathlessness due to tight cuffs. (Amend. Compl., Doc. 10 at 24:108-10.) However, the Court's review of the video evidence Baker includes in support of his dispositive motion affirmatively refutes Plaintiff's account. (Docs. 71-4, 88-2.)

When a defendant's "version of events is so utterly discredited" by a videotape that no reasonable jury could believe him, a court should view the facts "in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007); *see also Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) ("When the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape.").

The shorter video (Doc. 71-4) begins with Defendant Baker attempting to secure a waist chain that is already around Plaintiff's waist as Plaintiff sits in a wheelchair. Baker is standing slightly off to his left with his back to the camera. A second observing officer, who is positioned to Baker's left, approaches when it appears Baker is having difficulty. After assisting, the second officer steps back and resumes observing. Baker then loops the handcuffs between Plaintiff's torso and the waist chain and positions the open handcuff downward so that Plaintiff can raise his hands toward the open end. When Plaintiff does so, Baker closes the

open cuffs onto Plaintiff's positioned wrists. The moment Baker does so, Plaintiff looks at Baker, says something, and offers Baker his left wrist. Baker responds by adjusting the handcuff on Plaintiff's left wrist. After Baker steps back, Plaintiff can be seen gesturing with his hands as he speaks with both officers. (*Id.* at 1:04:51 - 1:06:30.) Fifteen seconds later, both officers moved away from Plaintiff, with Baker facing the camera.

Contrary to Plaintiff's account, at no point does Plaintiff appear distressed during his encounter with Defendant Baker. More importantly, Baker neither appears agitated nor does the video depict a forceful or violent encounter. Additionally, a review of the longer video (Doc. 88-2), which depicts Baker applying the waist chain, also fails to support Plaintiff's depiction of the events as alleged in his amended complaint.

Accordingly, because Defendant Baker has satisfied his burden of providing evidence to show the absence of a genuine issue of material fact that Plaintiff has failed to rebut with specific facts, his Motion for Summary Judgment (Doc. 70) is granted.

The Court will consider the remaining dispositive motions filed by Plaintiff Phillip Anglin (Doc. 81) and Defendants Lisa Draper (Doc. 68) and Dr. Zia Samad (Doc. 93) after briefing on Samad's dispositive motion is completed on April 29, 2026, unless Samad files a timely motion for extension of time to file a reply.

## IV

In light of the foregoing, the Court Orders as follows:

1) Defendant Daniel J. Baker's Motion for Summary Judgment (Doc. 70) is granted.

2) The Clerk of the Court is directed to terminate Defendant Daniel J. Baker as a party.

*It is so ordered.*

Entered: April 17, 2026

<u>s/Jonathan E. Hawley</u>
U.S. District Judge